IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNUM LIFE INSURANCE CO. OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK E. MARTIN,<br><br>    Defendant. | Case. No. 6:13-cv-00158-AA<br><br>OPINION AND ORDER |

Robert B. Miller,
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
    Attorney for Plaintiff

William C. Carpenter, Jr.
474 Willamette Street, Suite 303
Eugene, Oregon 97401
    Attorney for Defendant

AIKEN, Chief Judge:

    Plaintiff Unum Life Insurance Company of America (Unum) moves for summary judgment against defendant Jack Martin regarding the amount Martin owes Unum pursuant to a contract between the parties. For the reasons set forth below, Unum's motion is granted.

PAGE 1 - OPINION AND ORDER

BACKGROUND

Martin participated in a group long-term disability insurance plan (the Policy), offered through Unum, with his employer Benton County. During the course of his employment, Martin became unable to work and filed a disability claim with Unum. On June 18, 2000, the claim was approved and Martin began receiving benefits.

Under the Policy, any Social Security disability income (SSDI) Martin or his family received from the Social Security Administration (SSA) was deductible from Martin's monthly benefits. The Policy also permitted Unum to deduct an estimated SSDI amount from Martin's monthly payments while the final determination of Martin's eligibility for SSDI was pending. Martin subsequently applied for and was denied SSDI. He appealed that decision.

On October 15, 2004, Martin signed a reimbursement agreement with Unum that deferred the estimated SSDI deduction under the Policy, allowing Martin to receive full monthly payments from Unum until a final determination was made by the SSA. Under this agreement, Martin was required to repay Unum any overpayment he acquired by receiving Social Security benefits. SSDI benefits were eventually awarded, with the notice of award letter dated September 18, 2011.

Unum did not receive the notice of award letter when it expected to, and it attempted to recover incorrect, and perhaps premature, estimates of the overpayment amount owed by Martin.

PAGE 2 - OPINION AND ORDER

Regardless, Unum now states that Martin owes $171,070.33 based on SSDI benefits he received, and that Martin also owes $25,231.75 based on SSDI awards to Martin's children. Unum states that it has already recovered $45,596.40 by reducing Martin's monthly benefit under the Policy.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether or not a fact is material is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). There is a genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

///

DISCUSSION

The only matter that is currently before the court is the issue of Martin's overpayment.[1] The parties agree that Martin owes Unum an overpayment amount, but disagree on what that amount is. Points of contention include the SSDI benefits that Martin's children received, the amount of attorneys' fees that Martin incurred in receiving his award, and the amount of overpayment caused by the SSDI award to Martin.

A.  Martin Owes Unum for SSDI Benefits Paid to His Children

Martin argues that the benefits paid to his estranged children should not be included in the overpayment amount. This court disagrees.

Insurance contracts are interpreted through a framework that seeks to determine the intent of the parties. E.g., Totten v. N.Y. Life Ins. Co., 298 Or. 765, 770 (1992). Under this framework, the court looks to whether the contract defines the term in question. E.g., Hoffman Construction Co. v. Fred S. James & Co., 313 Or. 464, 469-70 (1992). If the contract does not, the court next considers whether the term can be understood by considering its plain meaning. Id. If there is ambiguity, the court considers the

---

[1] Martin's brief makes numerous arguments alleging that Unum breached the contract. However, no party has moved for summary judgment on Martin's counterclaim for breach of contract. The court declines to consider the issue *sua sponte*, and will not address Martin's arguments related to that claim in this decision.

PAGE 4 - OPINION AND ORDER

contract as a whole, using context to shed light on ambiguities. Id. If even a contextual examination fails to resolve the ambiguity, the ambiguous term must be resolved against the drafter. Id.

The reimbursement agreement states that: "I agree . . . to repay any overpayment incurred as a result of receiving any other benefits from those sources specified in the policy." Pl.'s Ex. A. Martin insists that the term 'receiving' must be read literally, and argues that he did not receive or take delivery of any payments because he does not live with his children or have any interactions with them.

However, the context provided by the Policy indicates that any children's benefits should in fact be considered an overpaid amount. The Policy expressly states that "UNUM will subtract from your gross disability payment the following deductible sources of income: . . . [t]he amount that you, your spouse and your children receive or are entitled to receive as disability payments." Def.'s Ex. A at 17-18. Thus, the plain language of the Policy states that the award to Martin's children will reduce Martin's disability payment.

Before bringing this case, Unum sent numerous estimates to Martin indicating how much overpayment he owed. Martin points out that the children's benefits were omitted from two of these estimates. However, the fact that Unum may have made such an error

PAGE 5 - OPINION AND ORDER

is not legally relevant. In sum, Martin owes Unum the amount awarded to his children, and the parties agree that the children received $34,221 as family benefits.

B. The Amount That Martin Owes Unum Must Be Reduced By $48,516.50 That Martin Incurred for Attorneys' Fees

The parties agree that any attorneys' fees that Martin incurred in receiving his SSDI award do not count as overpayment, and essentially agree on the amount of attorneys' fees.

Unum states that Martin incurred $39,527.35 in attorneys' fees associated with his SSDI award, and $8989.25 in attorney fees associated with the reward to his children, totaling $48,516.60.

Martin has submitted two exhibits to the court indicating his attorneys' fees. The first is a decision from the SSA authorizing a fee of $10,000. Def.'s Ex. 6. The second is an order by this court approving attorney fees of $38,516.50. Def.'s Ex. 7. The public record indicates that the former fee is not subsumed by the latter. See Martin v. Astrue, 6:08-cv-00975-AA, doc. 40 (Memorandum in Support of Motion for Attorney Fees at 1). Martin's attorney fees therefore totaled $48,516.50, and this amount should be deducted from the overpayment amount.

C. Martin Owes Unum the Overpayment Amount of His SSDI Award

The Policy states that any SSDI award to Martin will reduce Unum's disability payments to Martin. The October 15, 2004 reimbursement agreement resulted in Unum paying Martin full

PAGE 6 - OPINION AND ORDER

benefits without reduction for any estimated SSDI award. Martin was awarded monthly SSDI benefits of $1123.00 starting in December of 2000.

The parties agree that Martin must pay Unum the amount that Unum overpaid as a result of the SSDI award, but they do not completely agree on the total of the amount in question.

It appears that the SSA paid eleven months worth of benefits in 2011, omitting one monthly payment. Unum contends that Martin must pay Unum this month's benefit amount despite the fact that Martin did not receive this payment from SSDI. This court agrees. The Policy states that "UNUM will subtract from your gross disability payment . . . [t]he amount that you . . . receive or are entitled to receive." Def.'s Ex. A at 17-18. The fact that Martin received only eleven months of SSDI payments in 2011 was an error on the part of the SSA. Martin was entitled to receive an additional payment of $1123, and therefore owes Unum that $1123.

Aside from the one month's SSDI payment, the parties proffer similar amounts that Martin must repay. Unum suggests that the overpayment amount is $171,070.33 through August 10, 2013, arriving at this number by multiplying $1123 by 152 months and 10 days. When reduced by $45,596.40, the amount of overpayment that Unum has already withheld, Martin owes $125,473.93.

Martin suggests a similar amount, stating that as of August 31, 2013, he owed Unum $125,099.57. Def.'s Ex. 8.

This court finds Unum's calculations correct and that on August 10, 2013, Martin's overpayment amount based on his SSDI benefits was $171,070.33.

D.  **The Total That Martin Owes Unum Is $102,937.85**

As of August 10, 2013, Martin owed Unum $171,070.33 for the overpayment caused by his SSDI award, plus an additional $34,221 for SSDI benefits paid to his children, totaling $205,291.33. This amount must be reduced by the $48,516.50 Martin incurred in attorney fees, and by the $45,596.40 that Unum has withheld, bringing the total amount owed by Martin to $111,178.43. If Unum has continued to withhold Martin's monthly payments since August 10, the parties shall recalculate the amount owed accordingly.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (doc. 26) is GRANTED as set forth above. As of August 10, Unum is entitled to recover $111,178.43 from Martin. Defendant's motion to file a surreply (doc. 41) is DENIED as unnecessary, as the court does not find the arguments relevant to the disposition of this motion.

IT IS SO ORDERED.

DATED this 5th day of November, 2013.

_____
Ann Aiken
United States District Court Judge

PAGE 8 - OPINION AND ORDER