IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNUM LIFE INSURANCE CO.                    Case No. 6:13-cv-00158-AA
OF AMERICA,

             Plaintiff,                    OPINION AND ORDER

    v.

JACK E. MARTIN,

             Defendant.

_____

Robert B. Miller,
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
    Attorney for Plaintiff

William C. Carpenter, Jr.
474 Willamette Street, Suite 303
Eugene, Oregon 97401
    Attorney for Defendant

AIKEN, Chief Judge:

    Plaintiff Unum Life Insurance Company of America (Unum) and

Jack E. Martin filed cross-motions for summary judgment on

Martin's remaining counterclaims for breach of contract and

1 - OPINION AND ORDER

declaratory relief.  For the reasons set forth below, Unum's motion (doc. 50) is granted and Martin's motion (doc. 53) is denied.

BACKGROUND

Martin participated in a group long-term disability insurance plan (the Policy), offered by his employer Benton County through Unum.  During the course of his employment, Martin became unable to work and filed a disability claim with Unum.  On June 18, 2000, Martin's claim was approved and he began receiving benefits.

Under the Policy, any Social Security disability income (SSDI) Martin or his family received from the Social Security Administration (SSA) was deductible from Martin's monthly benefits.  The Policy also permitted Unum to deduct an estimated SSDI amount from Martin's monthly payments while the final determination of Martin's eligibility for SSDI was pending. Martin subsequently applied for and was denied SSDI.  He appealed that decision.

On October 15, 2004, Martin signed a Reimbursement Agreement (the Agreement) with Unum that deferred the estimated SSDI deduction under the Policy and allowed Martin to receive full monthly payments from Unum until a final determination was made

2 - OPINION AND ORDER

by the SSA.   Under the Agreement, Martin was required to provide Unum with a copy of any final decision made by the SSA regarding his SSDI benefits within 48 hours of receiving notice and to repay Unum any overpayment he acquired by receiving SSDI benefits.   Martin eventually was awarded SSDI benefits and received a Notice of Award letter dated September 18, 2011.

On September 25, 2011, Martin provided Unum with a copy of the Notice of Award letter, which stated that Martin would receive a check for $122,913.75.   Unum believed that Martin's children also would receive Family SSDI benefit payments, which would be subject to overpayment requirements under the Agreement. However, Unum did not know the amount of SSDI payments that would be made to the children.

Unum made several requests to Martin to provide copies of the Notice of Award letter indicating the amount of Family SSDI benefits that his children had received.   After these attempts failed, pursuant to terms of the Agreement, Unum estimated that Martin and his children had received a SSDI payment amount of $186,464.33.   Unum began recouping this overpayment amount by withholding Martin's monthly disability payments and applying them towards the overpayment balance.

///


3 - OPINION AND ORDER

On November 5, 2013, this Court granted Unum's Motion for Summary Judgment (doc. 26) regarding the amount that Martin owes Unum.   This Court held that the benefits paid to Martin's children should be included in the overpayment amount, which totaled $111,178.43 as of August 10, 2013.   The Court did not resolve Martin's counterclaims at that time.

<u>STANDARD OR REVIEW</u>

Summary Judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Whether or not a fact is material is determined by the substantive law on the issue.  <u>T.W. Elec. Serv., Inc. v. pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630, (9th Cir. 1987). There is a genuine dispute if the evidence is such that a reasonable jury would return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The moving party has the burden of establishing the absence of a genuine issue of material fact.  <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 323 (1986).

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material facts should be resolved against

the moving party; and (2) all inferences must be drawn in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630-31.

## DISCUSSION

Both parties move for summary judgment on Martin's counterclaims for breach of contract and declaratory relief.

A.    Breach of Contract.

Martin makes four separate arguments in support of his counterclaim for breach of contract. First, Martin argues that Unum breached the Agreement by attempting to collect SSDI benefits that were paid to his estranged children, rather than to himself. This Court disagrees. As the Court already ordered in its Opinion dated November 5, 2013, Martin owes Unum the amount awarded to his children and the parties agree that the children received $34,221 as Family SSDI benefits.

Second, Martin alleges that Unum withheld or reduced monthly payments that it was contractually required to make. Unum responds that it properly exercised its right under the Policy to withhold benefit payments after the SSA issued a fully favorable decision to award disability benefits to Martin. Given the undisputed facts, Martin cannot sustain his breach of contract claim, except for one month's payment.

5 - OPINION AND ORDER

Unum made numerous requests to Martin and his lawyers for a copy of the SSA Award Letter. Mills Second Decl. at ¶¶ 4, 6, 10. On March 29, 2011 and May 11, 2011, Martin's lawyer verbally confirmed that Martin had received a fully favorable decision on December 20, 2010. Id. at ¶ 5, 8. On June 23, 2011, Unum initiated a conference call between Unum, Martin, and the SSA. Id. at ¶ 9. During this conference call, the SSA claimed that it had sent Martin an award letter in March 2011. Id. Martin denied receiving this letter. Id. The SSA also confirmed that Martin would receive retroactive benefits in the amount of $1,123 per month, effective December 1, 2000. Id. The SSA stated that the first monthly benefit check for his July 2011 SSDI benefit payment would be sent in August 2011. Id.

Equipped with three verbal confirmations that Martin received a fully favorable decision on December 20, 2010, on July 11, 2011, Unum reduced Martin's monthly benefit by the $1,123 amount the SSA verbally confirmed he was entitled to receive, as provided in the Agreement. However, Unum's $1,123 reduction of benefits came one month prior to Martin's receipt of his first SSDI benefit payment in August 2011. Although Unum does not concede a breach of contract expressly, it argues that under the doctrine of recoupment, the July 2011 benefit amount of $1,123

withheld before Martin received his first SSDI payment should be setoff against the amount that Martin owes Unum. However, Martin argues that the doctrine of recoupment is an equitable remedy that is unavailable to Unum because Unum had unclean hands in its overall dealings with Martin. Thus, Martin argues that Unum is not entitled to recover the amounts owed to it.

To establish whether a party has unclean hands, the party asserting the defense must demonstrate that "'the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" Ayers v. Life Ins. Co., 869 F. Supp. 2d 1248, 1267 (D. Or. 2012) (citing Providence Health Plan v. Charriere, 666 F. Supp. 2d 1169, 1182 (D. Or. 2009) (quoting Brother Records, Inc. v. Jardine, 318 F.3d 900, 909 (9th Cir. 2003))). "'Equity requires that those seeking its protection shall have acted fairly and without fraud and deceit as to the controversy in issue.'" Id. (quoting Providence, 666 F. Supp. 2d at 1182 (quoting Ellenburg v. Brockway, Inc., 763 F.2d 1091, 1097 (9th Cir. 1985))). "The doctrine, however, is not without limitations." North Pac. Lumber Co. v. Oliver, 286 Or. 639, 651, 596 P.2d 931 (1979). "In quantitative terms, the misconduct must be serious enough to justify a court's denying relief on an

otherwise    valid    claim.       Even    equity    does    not    require
saintliness."  Id.

None of the misconduct alleged by Martin justifies denying relief on Unum's otherwise valid claim.  Therefore, the doctrine of unclean hands does not prevent Unum from utilizing the equitable remedy of recoupment to collect the money that this Court found Martin owes, less the setoff amount of $1,123 that Unum withheld on July 11, 2011.

Martin also alleges that Unum breached the covenant of good faith and fair dealing by representing to Martin and the Oregon Insurance Commissioner (OIC) that it would not withhold disability payments until Martin received all of his back payments from the SSA.

On July 7, 2011, Martin filed a Complaint with the OIC, alleging that Unum "maybe" breached the Policy by relying on "erroneous info" and estimating Martin's benefits "with NO documents," although the Policy states Martin's benefits would "NOT be estimated" if he applied for Social Security benefits and appealed to all levels and "sign[ed] Unums payment option form." Mills Second Decl. Ex. 9 at 3.

Unum received a copy of Martin's Complaint on July 11, 2011. Ten days later, on July 21, 2011, Unum responded to the

Department of Consumer and Business Services (DCBS) and stated that it had reduced Martin's benefit under the policy by $1,123 for the period of June 11, 2011 through July 10, 2011. On August 11, 2011, Unum wrote the DCBS again to report that it would not apply Martin's benefit payments to Martin's overpayment balance until Martin received the retroactive SSDI payment from the SSA. On September 25, 2011 Martin sent Unum the Notice of Award letter from the SSA, dated September 18, 2011, which stated that Martin would receive a check for $122,913.75.

After receiving the Award Letter from Martin, Unum made numerous attempts to determine whether Martin had received his retroactive SSDI payment. Mills Second Decl. Ex. 14 at 1-2. On October 24, 2011, Unum began withholding Martin's benefits and applying the withheld amounts to offset his SSDI overpayment. Eventually, on January 13, 2012, Martin's wife confirmed that Martin had received the SSDI payment. Thus, Unum knows that Martin received his retroactive SSDI payment at some time between September 18, 2011 and January 13, 2012.

Under Oregon law, every contract includes an implied covenant of good faith and fair dealing. See Uptown Heights Assocs. v. Seafirst Corp., 320 Or. 638, 645, 891 P.2d 639 (1995). To determine whether the implied covenant of good faith and fair

dealing was breached, this Court considers whether an action was taken in good faith by looking at a party's conduct in light of the reasonable expectations of the parties. <u>Best v. U.S. Nat'l Bank</u>, 303 Or. 557, 563, 739 P.2d 554 (1987); <u>Swenson v. Legacy Health Sys.</u>, 169 Or. App. 546, 554-555, 9 P.3d 145 (2000). Further, only the parties' "objectively reasonable expectations" will be examined to determine whether the discretion was exercised in good faith. <u>Uptown Heights Assocs.</u>, 320 Or. at 645, 891 P.2d 639 (citing <u>Slover v. State Bd. of Clinical Soc. Workers</u>, 144 Or. App. 565, 572, 927 P.2d 1098 (1996)). The express terms of a contract help to define the objectively reasonable expectations of the parties. <u>Uptown Heights Assocs.</u>, 320 Or. at 645, 891 P.2d 639; <u>Stevens v. Foren</u>, 154 Or. App. at 52, 58, 959 P.2d 1008 (1998).

Here, Unum attempted to contact Martin after receipt of the Award Letter to ascertain whether the SSDI benefits were received. Due to Martin's failure to timely provide Unum with information regarding the receipt of back payments from the SSA, this Court finds that Unum did not act in bad faith by eventually exercising its authority under the Agreement to withhold Martin's benefit payments and apply the withheld amounts to offset his SSDI overpayment.

Finally, Martin alleges that Unum breached the Policy by attempting to collect amounts that were deemed cost-of-living increases by the SSA.    This Court disagrees.    Unum collected overpayment amounts from Martin based on the $1,123 amount that was provided by the SSA as the base benefit amount without a cost-of-living adjustment.

B.    Declaratory Relief.

Martin makes two separate arguments in support of his counterclaim for declaratory relief.    First, Martin argues that he is not liable to Unum for any SSDI benefits that were paid to his children, rather than to him directly.    This Court disagrees. As stated above, this Court already found that Martin owes Unum the amount awarded to his children, and the parties agree that the children received $34,221 in Family SSDI benefits.

Next, Martin argues that pursuant to the Agreement, cost-of-living increases are not subject to overpayment reimbursement. Thus, Martin argues that he is entitled to a declaration that his base Social Security entitlement benefit is $1,123, rather than $1,138.    Because this Court and Unum already used $1,123 as the basis for the amount that Martin owes Unum, a declaratory judgment on the offset amount is unnecessary and is, therefore, denied.

CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment (doc. 50) is GRANTED. The amount owed to Unum shall be set off by $1,123, the amount of the July 11, 2011 payment that Unum withheld prior to Martin's receipt of his first SSDI benefit payment in August 2011. Plaintiff shall submit a proposed order of judgment within 30 days.

IT IS SO ORDERED.

Dated this / day of March, 2014.


_____
Ann Aiken
United States District Judge

12 -  OPINION AND ORDER